UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DARAH RUSSELL,

    Plaintiff,

v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, DARAH RUSSELL ("RUSSELL"), by and through her undersigned counsel, hereby sues LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. RUSSELL brings this action to recover disability insurance benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. RUSSELL was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. LINA is a corporation with its principal place of business in the Commonwealth

of Pennsylvania that is authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, LINA, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to RUSSELL by LINA.

6. RUSSELL was at all times material an employee of or former employee of Express Scripts Holding Company.

7. By way of her employment at Express Scripts Holding Company, RUSSELL was at all times material a plan participant under Group Disability Insurance Policy FLK-980250 (the "Disability Policy"), which is a disability insurance policy issued LINA. It is pursuant to Policy FLK-980250 to which RUSSELL is entitled to benefits. Policy FLK-980250 is underwritten by LINA. A copy of the Disability Policy as provided by LINA to RUSSELL is attached hereto as Exhibit "A".

8. The Disability Policy is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. LINA is the insurer of benefits under the Disability Policy and was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the Disability Policy and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, LINA is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the Disability Policy, RUSSELL is entitled to disability benefits for the duration of her disability, or ager 67, so long as she remains disabled as required under the terms of the Disability Policy.

12. According to the Disability Policy,

> **Definition of Disability/Disabled**
> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
> 1. unable to perform the material and substantial duties of his or her Regular Occupation; and
> 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
> 1. unable to perform the material and substantial duties of any occupation for which he or she is, or becomes qualified based on education, training or experience; and
> 2. unable to earn 80% or more of his or her Indexed Earnings.
>
> The Insurance Company will require proof of earnings and continued Disability.

13. Since approximately August 28, 2019, RUSSELL has been disabled under the terms of the Disability Policy.

14. Shortly after becoming disabled, RUSSELL made a claim to LINA under the Disability Policy for long term disability benefits but benefits have never been paid.

15. By way of a denial letter dated June 10, 2020, LINA denied RUSSELL's claim for long term disability benefits, contending that RUSSELL was not disabled as defined by the policy.

16. RUSSELL timely and properly appealed LINA's initial denial letter of June 10, 2020.

17. By letter dated October 30, 2020, LINA informed RUSSELL that it was affirming

its previous decision to deny her claim for long term disability benefits and informed RUSSELL that all administrative remedies had been exhausted.

18. At all relevant times RUSSELL complied with all conditions precedent and exhausted all administrative remedies under the Disability Policy.

19. At all relevant times, solely because of injury or sickness, RUSSELL has been unable to perform the material and substantial duties of her Regular Occupation and unable to earn 80% or more of her Indexed Earnings from working in her Regular Occupation.

20. At all relevant times, solely due to injury or sickness, RUSSELL has been unable to perform the material and substantial duties of any occupation for which she is, or becomes qualified based on education, training or experience, and unable to earn 80% or more of her Indexed Earnings.

21. At all relevant times, RUSSELL has been under the regular care of a doctor.

22. At all relevant times, RUSSELL was a Covered Person under the Disability Policy.

23. RUSSELL has never received benefits owed to her under the Disability Policy despite RUSSELL's right to these benefits.

24. LINA has refused to pay RUSSELL's claim for long term disability benefits.

25. At all relevant times, LINA was the payer of benefits.

26. At all relevant times, LINA was the "Insurance Company" identified throughout the Disability Policy.

27. At all relevant times, LINA was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under

the Disability Policy and for deciding any appeals of denied claims.

28. At all relevant times, RUSSELL has been and remains Disabled and entitled to disability benefits from LINA under the terms of the Disability Policy.

29. RUSSELL has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

### CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)

30. RUSSELL incorporates Paragraphs 1 through 29 as if fully set forth herein.

31. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

32. Pursuant to 29 U.S.C. §1132(a)(1)(B), RUSSELL, as a participant under the Disability Policy, is entitled to sue for judicial determination and enforcement of benefits.

33. RUSSELL has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of LINA's failure to pay her continued long term disability benefits.

34. RUSSELL has exhausted all administrative remedies under the Disability Policy.

35. Defendant breached the Disability Policy and violated ERISA in the following respects:

   (a) Failing to pay long term disability benefit payments to RUSSELL at a time when LINA knew, or should have known, that RUSSELL was entitled to those benefits under the terms of the

Disability Policy, as RUSSELL was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the Disability Policy documents, in relation to the applicable facts and Disability Policy provisions, for the denial of RUSSELL's claim for disability benefits;

(c) After RUSSELL's claim was denied in whole or in part, LINA failed to adequately describe to RUSSELL any additional material or information necessary for RUSSELL to perfect her claim, along with an explanation of why such material is or was necessary.

(d) LINA failed to properly and adequately investigate the merits of RUSSELL's disability claim and failed to provide a full and fair review of RUSSELL's claim.

36. RUSSELL believes and thereon alleges that LINA wrongfully terminated her claim for disability benefits under the Disability Policy by other acts or omissions of which RUSSELL is presently unaware, but which may be discovered in this future litigation and which RUSSELL will immediately make LINA aware of once said acts or omissions are discovered by RUSSELL.

37. Following the termination of benefits under the Disability Policy, RUSSELL exhausted all administrative remedies required under ERISA and RUSSELL has performed all duties and obligations on her part to be performed under the

Disability Policy.

38. As a proximate result of the aforementioned wrongful conduct of LINA, RUSSELL has damages for loss of disability benefits in a total sum to be shown at the time of trial.

39. As a further direct and proximate result of this improper determination regarding RUSSELL's claim for benefits, RUSSELL, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), RUSSELL is entitled to have such fees and costs paid by LINA.

40. The wrongful conduct of LINA has created uncertainty where none should exist; therefore, RUSSELL is entitled to enforce her rights under the terms of the Disability Policy and to clarify her right to future benefits under the terms of the Disability Policy.

**REQUEST FOR RELIEF**

WHEREFORE, DARAH RUSSELL prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1. Payment of long term disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the Disability Policy, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the Disability Policy for so long as Plaintiff remains disabled under the terms of the Disability Policy;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: July 9, 2021

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

*S/ Alexander A. Palamara*
ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com